UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08306-SVW-RAO | Date | January 26, 2016 |
|---|---|---|---|
| Title | *Gentry v. Deutsche Bank National Trust Company et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Paul M. Cruz | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** IN CHAMBERS ORDER GRANTING MOTION TO DISMISS [12].

On October 23, 2015, Plaintiff Constance Gentry filed this action against Defendants Deutsche Bank National Trust Company ("DBNTC"), Securitized Asset Backed Receivables LLC, HomEq Servicing, Ocwen Loan Servicing, LLC ("Ocwen"), and WMC Mortgage LLC ("WMC") for breach of contract, violations of the Truth in Lending Act (15 U.S.C. § 1601), violations of the Real Estate Settlement Procedures Act (12 U.S.C. § 2601), unjust enrichment, and fraud. (Dkt. 1). Presently before the Court is Defendant WMC's motion to dismiss. (Dkt. 12). For the reasons stated below, the Court GRANTS Defendant's motion.

**I. Background**

On August 17, 2006, Plaintiff obtained a mortgage loan and executed a deed of trust in the amount of $400,000. (Compl. ¶ 2). On December 28, 2006, Plaintiff's loan was securitized into the Securitized Asset Backed Receivables LLC Trust 2006-WM4 ("2006-WM4 Trust"). (*Id.* ¶ 3). On December 2, 2008, a Notice of Default was recorded against Plaintiff. (*Id.* ¶ 4). On March 4, 2009, a Notice of Trustee Sale was recorded against Plaintiff. (*Id.* ¶ 5).

Plaintiff alleges that her action "aris[es] out of [Defendant] WMC's failure to comply with its contractual obligations pursuant to a Pooling and Servicing Agreement dated as of December 1, 2006 (the "PSA")." (*Id.* ¶ 7). In particular, "[Defendant] WMC entered into the PSA with Securitized Asset Backed Receivables LLC as 'Depositor,' HomEq Servicing as 'Servicer,' DBNTC as 'Trustee,' and Wells Fargo Bank, National Association as 'Custodian.'" (*Id.* ¶ 8).

| | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-08306-SVW-RAO | Date | January 26, 2016 |
|---|---|---|---|
| Title | *Gentry v. Deutsche Bank National Trust Company et al* | | |

The vast majority of Plaintiff's allegations relate to WMC's failure to comply with its obligations under the PSA to the detriment of the Trustee and the holders of Certificates issued by the 2006-WM4 Trust. (*Id.* ¶¶ 9-18, 36-82). Plaintiff also alleges that because WMC has breached its obligations under the PSA, Defendants DBNTC and Ocwen lack standing to pursue a foreclosure on Plaintiff's property. (*Id.* ¶ 70).

**II. Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Finally, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). Fed. R. Civ. P. 12(d). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999).

**III. Discussion**

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-08306-SVW-RAO | Date | January 26, 2016 |
|---|---|---|---|
| Title | *Gentry v. Deutsche Bank National Trust Company et al* | | |

### A. Standing

As an initial matter, Plaintiff's allegations concerning Defendant WMC's alleged violations of its obligations under the PSA cannot support the vast majority of her claims. Courts have repeatedly held that third-party borrowers lack standing to assert claims based on defects in the securitization process or PSAs to which they are not parties. *See, e.g.*, *Armeni v. America's Wholesale Lender*, 2012 WL 253967, at *2 (C.D. Cal. Jan. 25, 2012) ("Because Plaintiff lack standing to raise alleged breach of the Trust Agreement [PSA], to the extent his claims are based on breach of this agreement, the claims fail."); *Bascos v. Fed. Home Loan Mortg. Corp.*, 2011 WL 3157063, at *6 (C.D. Cal. July 22, 2011) ("To the extent Plaintiff challenges the securitization of his loan because Freddie Mac failed to comply with the terms of its securitization agreement, Plaintiff has no standing to challenge the validity of the securitization of the loan as he is not an investor of the loan trust."); *Reyes-Aguilar v. Bank of America, N.A.*, 2014 WL 2153792, at *4 (N.D. Cal. Mar. 20, 2014) ("Regardless of how Plaintiffs cast this theory, they do not have standing to enforce the PSA, nor do they have the standing to challenge the Assignment, or the subsequently-recorded [Substitution of Trustee] and NOD, on the basis of a violation of the PSA."). Moreover, the Ninth Circuit has twice considered this issue, and both times have held that borrowers who are not parties to PSAs cannot challenge them. *See In re Davies*, 565 Fed. Appx. 630, 633 (9th Cir. 2014) ("We believe the California Supreme Court, if confronted with this issue, would so hold."); *Hunt v. U.S. Bank, N.A.*, 593 Fed. Appx. 730, 731 (9th Cir. 2015).

Plaintiff's bald assertion that she is "a direct beneficiary of the PSA" is devoid of factual enhancement and implausible. *See Iqbal*, 556 U.S. at 678. Thus, as Plaintiff's first and second claims for breach of contract are based on WMC's alleged violation of its obligations under the PSA, the Court GRANTS Defendant's motion to dismiss.

### B. Truth in Lending Act (15 U.S.C. § 1601)

Under the Truth in Lending Act ("TILA"), creditors must provide borrowers with "clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998). Plaintiff contends that at closing she was switched to a high-cost, sub-prime loan, and was not informed what the credit would cost, whether excessive brokers' fees would need to be paid, and what type of loan she was receiving. (Compl. ¶¶ 84-85). Moreover, Plaintiff alleges that the lender paid illegal kickbacks to the broker, and that her Annual Percentage Rate was overstated on the Truth in Lending Disclosure

|  | : |
|---|---|
| Initials of Preparer | |
| | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08306-SVW-RAO | Date | January 26, 2016 |
|---|---|---|---|
| Title | *Gentry v. Deutsche Bank National Trust Company et al* | | |

Statement. (*Id.* ¶¶ 86-87). Finally, Plaintiff argues that various preliminary disclosures as required by 12 C.F.R. § 226.17(b) and 226.19(a) were not provided. (*Id.* ¶¶ 88-90).

Plaintiff's TILA claim is time-barred. Under 15 U.S.C. § 1640(e), claims for damages must be brought "within one year from the date of the occurrence of the violation," which has been generally held to be the date the loan transaction was consummated. *See King v. California*, 784 F.2d 910, 915 (9th Cir. 1986). Plaintiff does not dispute that the August 17, 2006 origination date of her loan triggered the commencement of the statute of limitations, thus rendering her present complaint untimely. However, Plaintiff argues that she should be entitled to equitable tolling. "The doctrine of equitable tolling applies in situations where, despite all due diligence, the party invoking the doctrine is unable to obtain vital information bearing on the existence of the claim, or where he has been induced or tricked by his adversary's misconduct into allowing the deadline to pass." *Simmons v. Aurora Bank FSB*, 2016 WL 192571, at *8 (N.D. Cal. Jan. 15, 2016) (citing *Hensley v. United States*, 531 F.3d 1052, 1057-58 (9th Cir. 2008).

Plaintiff alleges that "[a]ny applicable statute of limitations have been tolled by the Defendants continuing, knowing, and active concealment of the facts alleged herein. Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein." (Compl. ¶ 31). Moreover, Plaintiff alleges that equitable tolling should apply "due to the bait and switch fraud and foreclosure." (*Id.* ¶ 93). Plaintiff also argues that her "RESPA and TILA claims are clear evidence Plaintiff can't get, and is being constructively obstructed from getting by Defendant(s), the documents and answers Plaintiff needs to figure out what happened on her mortgage loan." (Pl. Opp. at 2).

The Court finds that Plaintiff's conclusory allegations do not show either that she exercised due diligence in uncovering the alleged TILA violations, or that WMC fraudulently prevented her from discovering the nondisclosures that form the basis of her TILA action. Moreover, "the mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations. This is sensible . . . because a contrary rule would render the one-year statute of limitations meaningless, as it would be tolled whenever there were improper disclosures." *Garcia v. Waschovia Mortg. Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009). Finally, "[w]here the basis of equitable tolling is fraudulent concealment, it must be pled with particularity under Rule 9(b) of the Federal Rules of Civil Procedures." *Marzan v. Bank of America*, 779 F. Supp. 2d 1140, 1149 (D. Haw. 2011) (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999)). Because Plaintiff has not

                                                                                          :

                              Initials of Preparer
                                                           PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-08306-SVW-RAO | Date | January 26, 2016 |
|---|---|---|---|
| Title | *Gentry v. Deutsche Bank National Trust Company et al* | | |

demonstrated that equitable tolling should apply, and for the reasons stated above, the Court GRANTS Defendant's motion.

### C. Real Estate Settlement Procedures Act (12 U.S.C. § 2601)

Plaintiff's claim under the Real Estate Settlement Procedures Act ("RESPA") rests on her allegations that she was charged an illegal kickback in violation of 12 U.S.C. § 2607. (Compl. ¶ 96). However, a RESPA claim under 12 U.S.C. § 2607 must be brought within one year of the violation. *See* 12 U.S.C. § 2614. The statute of limitations begins to run and the 'ill occurs, if at all, when the plaintiff pays for the tainted service, typically at the closing.'" *Enunwaonye v. Aurora Loan Services, LLC*, 2011 WL 5387269, at *5 (C.D. Cal. Nov. 8, 2011).

As with Plaintiff's TILA claim, the one year statute of limitations for Plaintiff's RESPA claim was triggered on August 17, 2006, the origination date of her loan. Therefore, Plaintiff's claim is time-barred. Because Plaintiff's equitable tolling argument is inadequate for the reasons stated above, the Court GRANTS Defendant's motion.

### D. Unjust Enrichment

Plaintiff alleges that WMC's TILA and RESPA violations, namely providing an illegal kickback to the broker in the amount of $8,000 and receiving an up-sell of the interest rate by 1.99%, resulted in unjust enrichment to WMC. (Compl. ¶¶ 100-102). First, as described above, Plaintiff's TILA and RESPA claims are time-barred. Therefore, Plaintiff may not re-characterize these claims as one under unjust enrichment. Second, assuming Plaintiff is not attempting to simply re-characterize her TILA and RESPA claims, Plaintiff must plead additional detail outlining the scope of this claim. Currently, Plaintiff has not plausibly alleged how and in what respect WMC was unjustly enriched, especially because, as Defendant notes, the purported kickback benefited the broker, rather than WMC.

Therefore, the Court GRANTS Defendant's motion.

### E. Fraud

Finally, under Plaintiff's claim for fraud, she alleges that despite applying for a thirty year fixed rate mortgage, she received a non-conventional LIBOR ARM with a balloon payment, and she was not

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-08306-SVW-RAO | Date | January 26, 2016 |
|---|---|---|---|
| Title | *Gentry v. Deutsche Bank National Trust Company et al* | | |

provided early disclosures as required under the TILA. (Compl. ¶¶ 108-09).

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Fed. R. Civ. P. 9(b); *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009). A pleading is sufficient under Rule 9(b) if it identifies "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enters.*, 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. *In re Glenfed Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994). Therefore, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

Plaintiff must not only differentiate among the various Defendants in this case, but plead with greater particularity the circumstances surrounding the alleged misrepresentations by WMC. Therefore, the Court GRANTS Defendant's motion.[1]

### IV. Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss in its entirety. If Plaintiff is able to cure the deficiencies outlined above, she may file an amended complaint within twenty-one (21) days of this order.

---

[1] The Court also expresses concern that Plaintiff's fraud claim may be time-barred. It appears that Plaintiff alleges that the fraud took place on and around the origination date of her loan in August of 2006. Therefore, absent equitable tolling, Plaintiff had three years to bring a claim under Cal. Civ. P. Code § 338(d).

|  | : |
|---|---|
| Initials of Preparer | PMC |